Jonathan G. Brinson (#025045)
jbrinson@polsinelli.com
**POLSINELLI PC**
One East Washington, Suite 1200
Phoenix, AZ 85004
Telephone: (602) 650-2000
Facsimile: (602) 264-7033

Michael P. Dulin (*Pro Hac Vice forthcoming*)
mdulin@polsinelli.com
**POLSINELLI PC**
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Telephone: (303) 572-9300
Facsimile: (303) 572-7883

*Attorneys for Plaintiff WealthPoint, LLC*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WealthPoint, LLC, an Arizona Limited Liability Company,<br><br>Plaintiff,<br>v.<br><br>WealthPoint Advisors, LLC, an Arizona Limited Liability Company,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, ANTICYBERSQUATTING, UNFAIR COMPETITION, and unjust enrichment**<br><br>**(Jury Trial Demanded)** |

Plaintiff WealthPoint, LLC brings this action against WealthPoint Advisors, LLC, and alleges as follows:

/ / /

/ / /

/ / /

1

**THE PARTIES**

1. Plaintiff WealthPoint, LLC ("WealthPoint") is an Arizona limited liability company with its principal place of business located at 2398 E. Camelback Road, Suite 320, Phoenix, AZ 85016.

2. Defendant WealthPoint Advisors, LLC ("Defendant") is an Arizona limited liability company with its principal place of business located at 15333 N. Pima Road, #260, Scottsdale, AZ 85260.

**JURISDICTION AND VENUE**

3. This action arises under the trademark laws of the United States, Title 15, United States Code, and for trademark infringement, unfair competition, and unjust enrichment under Arizona common law. This Court has jurisdiction over the subject matter of this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) and (b), and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

4. Personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) because Defendant conducts business from a principal place of business within this District and has committed all the tortious activities of trademark infringement and unfair competition and other acts that form the basis of this action within this District. Defendant is an Arizona limited liability company and therefore is deemed to reside in this District. Defendant has sufficient minimum contacts with this District such that the exercise of jurisdiction over Defendant by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendant has advertised, offered to sell, sold and provided services that infringe the trademark of WealthPoint from this District for Defendant's own commercial gain and has exploited Arizona's extensive marketplace, despite WealthPoint's intellectual property rights, within this jurisdiction.

/ / /

/ / /

# GENERAL ALLEGATIONS

### A. The WEALTHPOINT Mark

5. WealthPoint has built a reputation for providing high-quality financial advisory and consulting services throughout the United States.

6. Since at least June, 2010, WealthPoint has engaged in extensive and continuous advertising under the name "WealthPoint" (the "WEALTHPOINT Mark"), including online and print advertising. It has also developed significant goodwill via word of mouth. As a result, the consuming public has come to associate the WEALTHPOINT Mark with WealthPoint and its high quality services.

7. People around the country specifically seek out WealthPoint because of its reputation.

8. Through its long and continuous use and promotion of the WEALTHPOINT Mark, WealthPoint has acquired valuable common law rights in that mark.

9. On June 25, 2010, WealthPoint filed for the registration of the WEALTHPOINT Mark with the United States Patent and Trademark Office ("USPTO"), Serial No. 85071911.

10. On August 16, 2011, WealthPoint achieved registration of the WEALTHPOINT Mark on the Principal Register of the USPTO, Registration No. 4011245, for a standard character mark relating to "[f]inancial advisory and consultancy services for individuals" in International Classification 036. An image of the standard character mark as depicted in the records of the USPTO is shown below:

WealthPoint

11. WealthPoint is the owner of the federal registration of the WEALTHPOINT Mark and otherwise has full rights to use and enforce the mark with a nationwide priority date of June 25, 2010.

12. After using the WEALTHPOINT Mark for five consecutive years after achieving federal registration, WealthPoint filed its Section 15 Declaration of Incontestability.

13. Since that time, the WEALTHPOINT Mark has become incontestable, which provides conclusive evidence of the validity of the WEALTHPOINT Mark and its registration, of WealthPoint's ownership of the mark, and of WealthPoint's exclusive national rights to use the WEALTHPOINT Mark in connection with its services and to the exclusion of other, subsequent, users of that name.

***B. Defendant's Infringement of the WEALTHPOINT Mark and Acts of Unfair Competition***

14. Despite WealthPoint's long-standing and continued use of the WEALTHPOINT Mark, Defendant has begun offering the same type of services as those offered by WealthPoint under the identical WEALTHPOINT Mark.

15. Like WealthPoint, Defendant is based in Arizona and provides financial advisory and consulting services.

16. A cursory review of the Arizona Corporation Commission's website would have revealed WealthPoint's registration of its company under the WEALTHPOINT Mark. Despite that fact, Defendant proceeded with setting up a company under that identical name.

17. Defendant filed its Articles of Organization under the name WealthPoint Advisors, LLC, on August 21, 2019, over nine years after WealthPoint filed its Articles of Organization on May 7, 2010.

18. WealthPoint never authorized or consented to Defendant's use of the WEALTHPOINT Mark, or any mark confusingly similar to that mark.

19. A cursory search on Google (or another search engine) of the term "WealthPoint" would have revealed WealthPoint's website located at www.wealthpoint.net. Despite that fact, on August 19, 2019, Defendant registered its own

website ("Website") at www.wealthpointadvisors.com ("Domain Name") to promote its financial advisory and consultancy services. A depiction of the Website is seen below:



20. The Domain Name incorporates the WEALTHPOINT Mark. Once on the Website, the WEALTHPOINT Mark is clearly displayed in large letters in a dominant position on the page. *See* above. In small, grayscale font, the word "advisors" is displayed in a subsidiary position below the WEALTHPOINT Mark.

21. Defendant's Website is visually similar to WealthPoint's website. *See* Defendant's Website above and the WealthPoint website below. They both feature the name "WealthPoint" in a dominant position on the page. They both depict scenes of water and mountains with the word "WealthPoint" floating upon the image. They both capitalize the letters "W" and "P" within the WealthPoint name.



22. The Domain Name and Website both add to the confusion of Defendant's use of the WEALTHPOINT Mark. For example, a customer, or potential customer, may be led to believe that they have arrived at the legitimate WealthPoint website and are otherwise dealing with WealthPoint, when in reality they are dealing with a new, totally different financial services provider.

23. A cursory review of the USPTO website would have revealed WealthPoint's registration of its WEALTHPOINT Mark.

24. Despite that fact, on September 6, 2019, Defendant filed an application for the registration of the standard character mark "WealthPoint Advisors" with the USPTO, Serial No. 88607445, in association with "financial services, namely, wealth management services." This application was filed over nine years after WealthPoint filed an application for the registration of the WEALTHPOINT Mark.

25. On December 10, 2019, the USPTO issued a Nonfinal Office Action refusing to register the Defendant's mark in view of the registered WEALTHPOINT Mark. In doing so, it stated that the "[r]egistration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 4011245." The USPTO attached the WEALTHPOINT Mark registration to its office action response to the Defendant.

26. The USPTO went on and stated that the "proposed mark is very similar to the registered [WEALTHPOINT Mark], with virtually identical commercial impressions, since it merely adds the descriptive term Advisors to the registered [WEALTHPOINT Mark]." Further, "the respective services are directly related financial services, with the registrant's broader services encompassing the narrower services identified by the applicant, thereby placing the respective services in the same trade channels." Therefore, "consumers are likely to confuse the source of applicant's services with the source of the registrant's services, upon encountering them in the marketplace."

27. Hence, the USPTO specifically informed Defendant of the existence of the WEALTHPOINT Mark, and that Defendant's use of that same name is likely to cause confusion within the marketplace.

28. On June 22, 2020, the USPTO issued an Official USPTO Notice of Abandonment stating that the application for the Defendant's mark "is abandoned because we did not receive a response to the previous Office action within the six-month response period."

29. WealthPoint has made significant efforts to directly make Defendant aware of the WEALTHPOINT Mark and to amicably resolve this dispute. For example, a principal of WealthPoint both emailed and called Ryan Loynd, the Founder and Chief Executive Officer of the Defendant, regarding this matter. Neither Mr. Loynd nor any other representative of Defendant responded.

30. Further, on December 23, 2020, counsel for WealthPoint sent Mr. Loynd a letter via certified mail informing him of Defendant's infringing use of the WEALTHPOINT Mark, and asking that it cease and desist any further use of that mark. On January 5, 2021, the United States Postal Service provided confirmation that this letter was received by Defendant, as evidenced by its representative's signature.

31. Even despite the fact that it obtained an administrative decision specifically refusing its registration in light of the WEALTHPOINT Mark, and presumably being aware

of WealthPoint's website, company formation, and other use of the WEALTHPOINT Mark, as well as having received the email, voicemail and letter from WealthPoint, Defendant continues to offer financial advisory and consultancy services under the WEALTHPOINT Mark.

32. It is clear that the intent of Defendant in using the WEALTHPOINT Mark is to profit from the name and goodwill of WealthPoint, as well as its extensive promotional activities over the last ten years.

33. Based on at least Defendant's use of the WEALTHPOINT Mark on the Website and in its Domain Name, it has violated and continues to violate WealthPoint's exclusive rights to the WEALTHPOINT Mark. This results in confusion to WealthPoint's customers and potential customers while aiding in the promotion and sales of Defendant's own financial services products.

34. Defendant's continued use of the mark has, among other things, willfully and in bad faith (1) infringed the WEALTHPOINT Mark, (2) misled the consuming public into believing that there is an association or connection between Defendant and WealthPoint and/or the services advertised and sold by Defendant and WealthPoint, (3) used false designations of origin on or in connection with its services, (4) wrongfully used the Domain Name to divert traffic to its Website, and (5) unfairly profited from such activities.

**COUNT I**
**(Federal Trademark Infringement – 15 U.S.C. § 1114)**

35. WealthPoint repeats the allegations in the preceding paragraphs as though fully set forth herein.

36. Defendant has advertised, marketed, promoted, offered for sale, and sold its services in connection with the WEALTHPOINT Mark.

37. Defendant is and, at the time of the actions complained of herein, were actually aware of the WEALTHPOINT Mark, and that it belonged to WealthPoint.

1  38. At the time of the filing of this Complaint, Defendant knew that the WEALTHPOINT Mark was registered with the USPTO and was informed of this fact in writing both by WealthPoint and the USPTO.

4  39. Defendant did not obtain the consent or authorization of WealthPoint as the owner of the federally registered WEALTHPOINT Mark to use that mark in association with its business, including the marketing and promotion of its services under the WEALTHPOINT Mark.

8  40. Defendant intentionally and knowingly used in commerce the WEALTHPOINT Mark in connection with the advertising, marketing, promotion, offering for sale and sale of services identical to those provided by WealthPoint.

11 41. Defendant promoted its services by similar means and in similar channels of trade as those services promoted by WealthPoint.

13 42. Defendant's egregious and intentional use of the WEALTHPOINT Mark is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendant's services are those of WealthPoint.

16 43. Defendant's acts have been committed with knowledge of WealthPoint's exclusive right to the WEALTHPOINT Mark and the goodwill associated therewith, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

19 44. The acts of Defendant complained of herein constitute infringement of WealthPoint's federally registered WEALTHPOINT Mark in violation of 15 U.S.C. § 1114(1).

22 45. WealthPoint has suffered, and will continue to suffer, substantial and irreparable injury, loss, and damage to its rights in and to the WEALTHPOINT Mark and the goodwill associated therewith, for which it has no adequate remedy at law.

25 46. Defendant's acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of WealthPoint's rights in the WEALTHPOINT Mark, and with intent to cause confusion and to trade on

WealthPoint's vast goodwill in the WEALTHPOINT Mark. In view of the egregious nature of Defendant's infringement, WealthPoint requests injunctive relief as provided by 15 U.S.C. § 1116 and damages pursuant to 15 U.S.C. § 1117, including Defendant's profits, treble damages, reasonable attorney fees, costs statutory damages, and/or prejudgment interest.

## COUNT II
**(Violation of Section 43(a) of the Lanham Act)**

47. WealthPoint repeats the allegations in the preceding paragraphs as though fully set forth herein.

48. Defendant has without authorization used in commerce the WEALTHPOINT Mark and Domain Name and/or made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to affiliation, connection, or association of Defendant with WealthPoint, and/or as to the origin, sponsorship or approval of Defendant's services or commercial activities.

49. Defendant has unfairly competed with and injured WealthPoint and, unless immediately restrained, will continue to injure WealthPoint, causing damage to WealthPoint in an amount to be determined at trial, and will cause irreparable injury to WealthPoint's goodwill and reputation associated with the value of the WEALTHPOINT Mark.

50. On information and belief, Defendant's conduct has been knowing, deliberate, willful and intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of WealthPoint's rights.

51. Defendant knew, or by the exercise of reasonable care should have known, that its adoption and commencement of use in commerce and continued use of the WEALTHPOINT Mark would cause confusion, mistake, or deception by customers and/or members of the consuming public.

52. Defendant's egregious and intentional use of the WEALTHPOINT Mark, including the Domain Name, in connection with the marketing and sales of its services is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers into believing that the services of Defendant are actually those of WealthPoint.

53. The acts of Defendant complained of herein constitute trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), causing WealthPoint to suffer substantial and irreparable injury for which it has no adequate remedy at law.

54. Defendant's wrongful conduct has permitted, and will continue to permit, it to make substantial sales and profits on the strength of WealthPoint's goodwill and marketing, advertising, and consumer recognition.

55. Based on Defendant's wrongful conduct, WealthPoint is entitled to injunctive relief as well as monetary damages, and other remedies as provided for by the Lanham Act, including Defendant's profits, treble damages, reasonable attorney fees, costs and prejudgment interest.

**COUNT III**
**(Cybersquatting Under the Lanham Act, 15 U.S.C. § 1125(d))**

56. WealthPoint repeats the allegations in the preceding paragraphs as though fully set forth herein.

57. Defendant has registered the Domain Name, www.wealthpointadvisors.com, and currently advertises, markets and promotes is services on its Website using that Domain Name.

58. The Domain Name incorporates the registered WEALTHPOINT Mark, and is otherwise identical to, and confusingly similar to, the WEALTHPOINT Mark.

59. The Defendant has a bad faith intent to profit from the WEALTHPOINT Mark, and it has no legal right to use the Domain Name in association with its business.

60. Upon information and belief, it is the intent of the Defendant to use the Domain Name to divert consumers from WealthPoint's legitimate website located at www.wealthpoint.net for the purpose of commercial gain.

61. As a direct and proximate result of such conduct, WealthPoint has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

62. Under the Anti-Cybersquatting Consumer Protection Act ("ACPA"), WealthPoint is entitled to an order requiring the transfer of the Domain Name to WealthPoint, and any other relief this Court deems proper.

## COUNT IV
**(Arizona Common Law Trademark Infringement)**

63. WealthPoint repeats the allegations in the preceding paragraphs as though fully set forth herein.

64. WealthPoint has a protectable interest in the WEALTHPOINT Mark, including the "WealthPoint" mark registered with the Arizona Secretary of State.

65. Defendant has used the WEALTHPOINT Mark in commerce.

66. Defendant's use of the WEALTHPOINT Mark has caused, and will continue to cause, a likelihood of consumer confusion.

67. Accordingly, Defendant has committed common law trademark infringement.

## COUNT V
**(Arizona Common Law Unfair Competition)**

68. WealthPoint repeats the allegations in the preceding paragraphs as though fully set forth herein.

69. Defendant has appropriated the WEALTHPOINT Mark and has sold, offered for sale, marketed and promoted services under that mark.

70. Defendant's use of the WEALTHPOINT Mark causes confusion within the marketplace.

71. Defendant is making a false representation through the use of the WEALTHPOINT Mark that tends to induce customers to believe that the Defendant's services are those of WealthPoint.

72. Such confusion is wrongfully diverting trade to Defendant, and causing the consuming public into being cheated into doing business with Defendant when it intended to do business with WealthPoint.

73. The result of Defendant's unfair competition is that years of goodwill, earned solely by WealthPoint's efforts, will be usurped by the Defendant.

## COUNT VI
### (Unjust Enrichment)

74. WealthPoint repeats the allegations in the preceding paragraphs as though fully set forth herein.

75. Defendant has received the benefit of WealthPoint's significant branding and goodwill, as well as the benefit of all of its advertising and promotional efforts, at the expense of WealthPoint under circumstances that would make it unjust for it to retain such benefits without compensating WealthPoint for the same.

76. Accordingly, the acts of Defendant complained of herein constitute unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff WealthPoint, LLC, requests that this Court enter judgment in its favor and against Defendant WealthPoint Advisors, LLC, on all claims as follows:

A. For a declaration that Defendant has unlawfully infringed WealthPoint's trademark, has engaged in unfair competition and cybersquatting, and has been unjustly enriched by its actions;

B. For an award of Defendant's profits and WealthPoint's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §1114(a);

1      C.    For an award of Defendant's profits and WealthPoint's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a) and (d);

       D.    For an award of damages on WealthPoint's claims for common law trademark infringement, common law unfair competition, and unjust enrichment;

       E.    For an accounting of Defendant's profits, and that the Court grant WealthPoint three times that amount in the Court's discretion;

       F.    In the alternative to actual damages and Defendant's profits, for statutory damages up to $2,000,000.00 per counterfeit mark per type of services provided or offered for sale as the court considers just, which election WealthPoint will make prior to the rendering of final judgment;

       G.    For injunctive relief prohibiting Defendant, including its members, managers, officers, agents, servants, employees and attorneys, and other persons who are in active concert or participation with any of them, from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising of services under the WEALTHPOINT Mark, the unauthorized use of the WEALTHPOINT Mark or any mark confusingly similar to that mark, the Website and its Domain Name using the word "WealthPoint," and any other act of trademark infringement, unfair competition, or other act in derogation of WealthPoint's rights as described herein;

       H.    For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendant's possession which rightfully belong to WealthPoint, and to cause the Domain Name to be transferred to WealthPoint;

       I.    For the destruction of any signs, sales or promotional materials, or other documents or other materials bearing the infringing WEALTHPOINT Mark;

       J.    For an order requiring Defendant to file with this Court and to serve upon WealthPoint, within thirty (30) days after the entry and service on Defendant of an

injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

K. For an award of exemplary or punitive damages in an amount to be determined by the Court;

L. Finding this to be an exceptional case under 15 U.S.C. §1117 and award WealthPoint its costs (including expert witness fees), disbursements, and reasonable attorney fees incurred in this action, and such other relief as may be appropriate;

M. Awarding WealthPoint pre-judgment interest and post-judgment interest as allowed by law; and

N. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

WealthPoint demands a trial by jury on all claims and issues so triable.

DATED this 2nd day of March, 2021.

**POLSINELLI PC**

By: */s/ Jonathan G. Brinson*
Jonathan G. Brinson
One East Washington Street, Suite 1200
Phoenix, AZ 85004-2568
*Attorneys for Plaintiff*